D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CASTCAPA CONSTRUCTION, LLC,

              Plaintiff,

            -against-

TMB SERVICES LIMITED LIABILITY
COMPANY, MICHAEL MCCLAIN, and
TRACEY MCCLAIN,

              Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**17-CV-1023 (NGG) (SJB)**

NICHOLAS G. GARAUFIS, United States District Judge.

On February 23, 2017, Plaintiff Castcapa Construction, LLC, commenced this breach-of-contract action against Defendants TMB Services Limited Liability Corporation ("TMB") and Michael and Tracey McClain (the "Guarantors"). (Compl. (Dkt. 1).) Defendants have not appeared in this action and have failed to answer or otherwise respond to the Complaint. On May 5, 2017, the Clerk of Court entered default against Defendants. (Clerk's Certificate of Default as to Guarantors (Dkt. 20); Clerk's Certificate of Default as to TMB (Dkt. 21).) On May 19, 2017, Plaintiff moved pursuant to Federal Rule of Civil Procedure 55 for a default judgment against all defendants (the "Motion"). (Mot. for Default J. ("Mot.") (Dkt. 22).) The court referred the Motion to Magistrate Judge Ramon E. Reyes, Jr., for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (May 22, 2017, Order.)

On July 24, 2017, Judge Reyes issued an R&R recommending that the court grant the Motion and hold the Defendants "jointly and severally liable for $125,438 - representing $101,996.67 in unpaid princip[al] and interest, $382.68 in default interest, and $23,058.65 in

1

attorney's fees - plus an additional $50.99 in default interest, from May 24, 2015 until entry of judgment, and post-judgment at the statutory rate." (R&R (Dkt. 25) at 1.)

No party has objected to the R&R and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). The court therefore reviews the R&R for clear error. See 28 U.S.C. § 636(b)(1); Wider v. Colvin, 245 F. Supp. 3d 381, 385 (E.D.N.Y. 2017); see also Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order). The court finds no clear error except as to Judge Reyes's recommendation regarding attorneys' fees, as described below. Therefore, the court ADOPTS the R&R in part and MODIFIES it in part, to the extent it is inconsistent with the following. See 28 U.S.C. § 636(b)(1) (providing that district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge").

## I. PRINCIPAL AND INTEREST

The court finds no clear error in the R&R's conclusion that the Defendants should be held jointly and severally liable for breach of their contractual obligations under the Notes and Guarantees. (R&R at 2-3.) As Judge Reyes correctly notes, under New York law, "a plaintiff need only show the existence of a promissory note, executed by the defendant, and a default under the terms of said note" in order to find the defendant liable under the note. (Id. at 3 (citing Cohen v. Movtady, 751 F. Supp. 2d 436, 439 (E.D.N.Y. 2010)).) The analysis is similar for a guarantee. (See id.)

The R&R proposes to award Plaintiff $101,996.67 in unpaid principal and regular interest and $382.68 in default interest. (Id. at 3-4.) The amount owed in principal and regular interest was correctly calculated. In calculating the amount owed in default interest, however, the R&R made a small typographical error. In the Complaint, Plaintiff states that Defendants have paid $1003.33 in interest on the first note. (Compl. at 3.) In the R&R, that payment was credited to the amount of money owed on the second note, rather than the first note. (R&R at 4.) This

2

typographical error only matters because the formula for calculating default interest on each note is based on the amount of outstanding principal and regular interest on that note. Finding no clear error with the calculation method set out in the R&R, the court recalculates the default interest as follows: Plaintiff is entitled to $201.99 for the first note (((18% / 360 days) * $50,496.67 owed) * 8 days), and $180.25 for the second note (((18% / 360 days) * $51,500 owed) * 7 days). Plaintiff is therefore awarded repayment of $101,996.67 in unpaid principal and regular interest and $382.24 in default interest.

## II. ATTORNEYS' FEES

### A. Basis for the Award of Attorneys' Fees

The language of the contracts at issue in this case states that, "in the event [Plaintiff] retains counsel after an uncured default in payment or with respect to the enforcement of this Note or any other document or instrument given to [Plaintiff], [TMB] agrees to pay [Plaintiff's] reasonable attorneys' fees." (Ex. 8 to Decl. (Dkt. 23-8); Ex. 10 to Decl. (Dkt. 23-10).) Plaintiff has requested $23,058.65 in attorneys' fees and costs pursuant to this clause. (See Decl. (Dkt. 23) at 5-7; Ex. 12 to Decl. (Dkt. 23-12); Ex. 13 to Decl. (Dkt. 23-13).)

### B. Legal Standard

In calculating the reasonableness of a request for attorneys' fees, courts examine "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). The lodestar method is used to determine a "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008). Courts assessing whether an attorney's hourly rate and time expended are "reasonable" should consider the following factors:

3

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

Id. at 184.

The R&R was clearly erroneous because it did not, on the face of the opinion, make any findings as to the reasonableness of the fee awarded to Plaintiff's counsel. See Millea, 658 F.3d at 166 ("While the lodestar is not always conclusive, its presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error."); see also Kroshnyi v. U.S. Pack Courier Servs., Inc., 771 F.3d 93, 108 (2d Cir. 2014) ("Upon remand, we strongly suggest that the district court begin its calculation by first performing a lodestar analysis . . . ." (citing Perdue v. Kenny A. ex rel. Winn, 559 U.S. 543, 552-55 (2010))). As shown below, the proper lodestar calculation yields the conclusion that Plaintiff's fee request is unreasonable as to both hourly rates and the number of hours.

### C. Reasonableness of the Hourly Rates

The reasonable hourly rate is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks omitted). Under the Second Circuit's "forum rule," the calculation of a reasonable hourly rate must be "consistent with those [rates] charged locally," i.e., in the district in which the litigation occurred. Arbor Hill, 522 F.3d at 191. The forum rule is a presumption that can only be overcome if the litigant "persuasively establish[es] that a reasonable client would have selected

4

out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." Simmons, 575 F.3d at 175. Although "courts in this district have criticized Simmons given the close proximity of the Eastern and Southern Districts, and the overlap of their respective legal markets," the court is bound to apply the forum rule unless the presumption is rebutted. 246 Sears Rd. Corp. v. Exxon Mobil Corp., No. 09-CV-889 (NGG) (JMA), 2013 WL 4506973, at *10 & n.2 (E.D.N.Y. Aug. 22, 2013) (citing Simmons, 575 F.3d at 175).

David Berger, a partner with approximately twenty-seven years of experience, billed Plaintiff at $525 per hour.[1] He billed a total of 9.05 hours to this matter. (Decl. at 6.) For partners with similar experience, courts in this district have approved hourly rates between $400 and $475 per hour. See 246 Sears Rd., 2013 WL 4506973, at *11 (collecting cases). Courts in this district have awarded rates higher than this range, but these have been in unusually demanding cases. See, e.g., United States v. City of New York, No. 07-CV-2067 (NGG) (RLM), 2013 WL 5542459, at *8 (E.D.N.Y. Aug. 30, 2013) (awarding $550 hourly rate "[b]ased on the extraordinary nature of this litigation, the efforts it has required of counsel, and the exceptional qualifications of the partners"); Manzo v. Sovereign Motor Cars, Ltd., No. 08-CV-1229 (JG) (SMG), 2010 WL 1930237, at *8 (E.D.N.Y. May 11, 2010) (awarding $480 hourly rate to partner who served as lead trial counsel). This case was a routine contractual action that did not require special experience or impose unusual demands on counsel's time—particularly in light of the fact that Defendants never so much as answered the Complaint. Thus, there is no need for an upward departure from the standard range of hourly rates for partners. The fees for work performed by Mr. Berger should be recalculated based on an hourly rate of $450.

---

[1] The rates for Plaintiff's counsel, with the exception of Mr. Ehrlich, were supposedly discounted from their "current" rates. (Decl. at 5.)

5

Mark Bauman, a partner with approximately forty years of experience, also billed Plaintiff at $525 per hour. He billed a total of nine hours to this matter.[2] For the same reasoning as stated above regarding Mr. Berger, the fees for work performed by Mr. Bauman should be recalculated based on an hourly rate of $450.

Kevin MacMillan, a partner with approximately sixteen years of experience, billed Plaintiff at $450 per hour. He billed a total of 4.75 hours to this matter. For partners with around sixteen years of legal experience, courts in this district generally award hourly rates ranging from $300 to $400. See, e.g., Favors v. Cuomo, 39 F. Supp. 3d 276, 306 (E.D.N.Y. 2014) (awarding $400 hourly rate to a partner with sixteen years of experience); Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 52 (E.D.N.Y. 2015) (awarding a $350 hourly rate to an attorney with sixteen years of experience in general civil litigation). Again, because this case was rather straightforward and did not require a great expenditure of Mr. MacMillan's time, there is no need to set Mr. MacMillan's rate at the upper end of the range. The fees for work performed by Mr. MacMillan should be recalculated based on an hourly rate of $350.

Plaintiff seeks to recover fees for Alexander Ehrlich, an associate with less than one year of experience and whose bar admission was pending at the time of the work for which Plaintiff now seeks compensation, at $325 per hour. Unlike every other attorney and staff member billing for work in conjunction with this litigation, Mr. Ehrlich did not discount his billing rate. (Decl. at 6.) Mr. Ehrlich's hourly rate is well above that awarded by courts in this district to junior associates, who are typically compensated at between $100 to $200 per hour. See Friedman v. Self Help Cmty. Servs., Inc., No. 11-CV-3210 (NGG) (JO), 2017 WL 663539, at *2 (E.D.N.Y.

---

[2] While the declaration submitted with Plaintiff's motion for default judgment stated that Mr. Bauman billed seven hours to this matter (Decl. at 6), a review of the billing statements confirms that he actually billed nine hours to this matter (see Ex. 12 to Decl. at ECF pp.3, 8, 12; Ex. 13 to Decl. at p.3).

Feb. 17, 2017); see also Sass v. MTA Bus Co., 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014) (collecting cases). Fee awards at or above the upper end of this scale are only proper for associates with particularly valuable experience. For example, a magistrate judge in this district recently recommended awarding $200 to a junior associate in a civil-rights action because "his qualifications and experience in the short time since graduating from law school ... justif[ied] an hourly rate on the high end of the range for junior associates." Thomas v. City of New York, No. 14-CV-7513 (ENV) (VMS), 2017 WL 6033532, at *5 (E.D.N.Y. Dec. 1, 2017). While the court has no reason to doubt Mr. Ehrlich's legal acumen, Plaintiff has shown no reason why he merits an award outside the typical range. Additionally, as discussed below, the court has concerns about the number of hours Mr. Ehrlich billed to this matter. Frankly, the court is at a loss as to why, in light of the evidence showing that the hourly rate for Mr. Ehrlich is well outside the range of similar awards in this district, counsel for Plaintiff did not discount his time, as they did for their partners' time. (See Decl. at 6.) The fees for work performed by Mr. Ehrlich should be recalculated based on an hourly rate of $175.

Collins Burgess-Jackman, the firm's "Managing Clerk and Paralegal," with approximately nineteen years of experience (Decl. at 6-7), billed Plaintiff at $125 per hour. He billed a total of 11.75 hours to this matter. While the court appreciates Mr. Burgess-Jackman's experience, his rate is still beyond that which is typically awarded in this district for work performed by similarly experienced legal staff members. See Hilton v. UK Fragrances, Inc., No. 12-CV-6346 (JFB) (AKT), 2014 WL 794304, at *10-11 (E.D.N.Y. Feb. 25, 2014) (awarding $90 hourly rate to a "managing clerk" with a $230 regular hourly rate); see also Thomas, 2017 WL 6033532, at *6 ("Prevailing hourly rates for paralegals in this District are

7

typically between $75.00 and $100.00."). The fees for work performed by Mr. Burgess-Jackman should be recalculated based on an hourly rate of $100.

Emily Sieme, a paralegal with three years of experience, also billed Plaintiff at $125 per hour. She billed a total of 0.50 hours to this matter. Although Ms. Sieme's billable work on this matter is, in the scheme of things, of rather little financial consequence, her hourly rate is still beyond that which courts in this district generally award for time billed by legal staff without extensive or specialized experience, as explained above. Plaintiff's declaration does not state what Ms. Sieme's hourly rate is (Decl. at 7), but the court assumes it is lower than that of Mr. Burgess-Jackman, given that Ms. Sieme is less experienced. The fees for work performed by Ms. Sieme should be recalculated based on an hourly rate of $90.

D.     **Reasonableness of the Number of Hours**

When determining a reasonable number of hours for the purposes of calculating the lodestar, the court must consider "whether the time records submitted by Plaintiff's counsel reflect a reasonable expenditure of hours for this particular case." Singh v. Zoria Hous. LLC, No. 16-CV-2901 (SJ) (RER), 2017 WL 6947717, at *2 (E.D.N.Y. Nov. 17, 2017), report and rec. adopted, 2018 WL 437492 (E.D.N.Y. Jan. 16, 2018). "[I]f a court finds that claimed hours are 'excessive, redundant, or otherwise unnecessary,' it should exclude those hours from its calculation of the presumptively reasonable fee." Guaman v. J & C Top Fashion, Inc., No. 14-CV-8143 (GBD) (GWG), 2016 WL 791230, at *8 (S.D.N.Y. Feb. 22, 2016) (quoting Hensley v. Eckerhart, 5461 U.S. 424, 434 (1983)), report and rec. adopted, 2017 WL 111737 (S.D.N.Y. Jan. 11, 2017). In so doing, "the court has discretion simply to deduct a reasonable percentage of hours claimed as a practical means of trimming fat from a fee application." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks omitted).

In this case, Plaintiff's counsel billed a total of 64.30 hours.[3] Over the course of this litigation, Plaintiff has filed only two substantial papers with the court: the initial complaint (Compl.); and the motion for default judgment (Mot.; Mem. in Supp. of Mot. (Dkt. 24)). Defendants have not entered an appearance in this case. From all appearances, therefore, it seems that "this case was not unusually complex; that it did not demand great resources; that it involved no contested litigation; and that there were no particular timing demands on the case." See Guaman, 2016 WL 791230, at *10. Given the ease with which this case could have been prosecuted, the court is perplexed as to how Plaintiff's counsel feels it is "reasonable" to bill 52.05 hours for three partners' and one associate's time, in addition to 12.25 hours of legal staff time. This is particularly true for the time spent on the motion for default judgment, for which Plaintiff's counsel billed 34.75 hours, including 27.50 hours for Mr. Ehrlich's research for and drafting of the motion for default judgment.[4] (Ex. 13 to Decl.)

At the end of the day, the 64.30 hours that Plaintiff's counsel billed on this matter is "an unusually high number of hours for work on a case that involved merely the drafting of a complaint and an application for a default judgment." Guaman, 2016 WL 791230, at *8; see also Trs. of the Pension Fund of Heat & Frost Insulators Local 12 v. Ideal Core Sols. NY Corp., No. 17-CV-4147 (MKB) (VMS), 2017 WL 6611707, at *5 (E.D.N.Y. Dec. 4, 2017) (collecting cases that found 10-30 hours of work in ERISA default judgment cases to be reasonable), report

---

[3] The declaration provided by Plaintiff's counsel attested to 62.30 billable hours. (See Decl. at 6-7.) The billing statements submitted as exhibits, however, add up to a total of 64.30 billable hours. (See Ex. 12 to Decl; Ex. 13 to Decl.) This figure does not include Plaintiffs' implied—but not fully set out—reduction of hours, as discussed infra note 4.
[4] Plaintiff's counsel notes that, while Plaintiff "incurred $11,343.75 in attorneys' fees from May 1, 2017 to date," only $10,425.00 of those fees "were in connection with enforcement of the Agreements." (Decl. at 5 n.1.) Assuming that Plaintiff's counsel is referring to the work by Mr. Ehrlich which is redacted in the billing statements (Ex. 13 to Decl. at ECF p.5), subtracting the total submitted from the total billed, divided by Mr. Ehrlich's billing rate, leads the court to conclude that counsel for Plaintiffs is reducing Mr. Ehrlich's billed hours by 2.83. Thus, any calculations by this court related to reasonable hours will include such a reduction. The court notes, though, that more clarity on this point by Plaintiff's counsel would have been appreciated.

and rec. adopted, 2017 WL 6611572 (E.D.N.Y. Dec. 27, 2017); Maas v. Spencer Leasing Corp., No. 12-CV-2951 (ADS) (AKT), 2013 WL 5308859, at *19 (E.D.N.Y. Sept. 18, 2013) (finding 29.1 hours to be a reasonable expenditure of time in a TILA default judgment action). A fifty-percent across-the-board reduction in the number of hours billed is proper to bring this case in line with other similar actions. See Guaman, 2016 WL 791230, at *8-9 (reducing the number of hours billed by fifty percent in a similar action).

### E. Total Fees

The hours and rates described above produces an award of $7814.25, as shown in the following table:

| Attorney/ Staff Member | Requested Rate | Reasonable Rate | Requested Hours | Reasonable Hours | Total Awarded: |
|---|---|---|---|---|---|
| D. Berger | $525 | $450 | 9.05 | 4.525 | $2036.25 |
| M. Bauman | $525 | $450 | 9.00 | 4.500 | $2025.00 |
| K. MacMillan | $450 | $350 | 4.75 | 2.375 | $831.25 |
| A. Ehrlich | $325 | $175 | 26.42[5] | 13.210 | $2311.75 |
| C. Burgess-Jackman | $125 | $100 | 11.75 | 5.875 | $587.50 |
| E. Sieme | $125 | $90 | 0.50 | 0.250 | $22.50 |
| | | | | **Total:** | $7814.25 |

### F. Costs

The court finds no clear error in the decision to award Plaintiff $1326.15 in costs. The costs billed by Plaintiff's counsel include a filing fee of $400; a title fee of $250; printing, imaging, and postage expenses of $406.15; and a "service fee" of $270. (See Ex. 12 to Decl. at ECF pp.6, 11, 15; Ex. 13 to Decl. at ECF p.6.) These costs are reasonable and commensurate with what the court would expect from this sort of litigation.

---

[5] See supra note 4.

## III. CONCLUSION

For the reasons stated above, the court ADOPTS IN PART and MODIFIES IN PART the R&R (Dkt. 25). Plaintiff's Motion for Default Judgment (Dkt. 22) is GRANTED. The court AWARDS Plaintiff damages in the amount of $111,519.31—representing $101,996.67 in unpaid principal and interest, $382.24 in default interest, and $9140.40 in attorneys' fees and costs—plus an additional $50.99 per day in default interest, from May 24, 2015, until entry of judgment, and post-judgment at the rate set forth in 28 U.S.C. § 1961. The proposed motion practice giving Plaintiff leave to file a motion seeking an order of attachment and other provisional relief, as discussed at the January 24, 2018, pre-motion conference, is MOOT. The Clerk of Court is respectfully DIRECTED to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
January 2̲7̲, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge